## Appleton's Estate.

*Trusts and trustees—Mortgage—Substituted trustee,*

Where trustees under a will mortgage a portion of the trust estate under an order of court, and thereafter a trustee substituted in their place has been compelled to pay the amount of the mortgage, the substituted trustee is entitled to recover such amount from the original trustees where there is nothing to show that the latter had ever charged themselves in any account filed by them, with the proceeds of the mortgage, or in any other way accounted for the proceeds as money in their hands belonging to the trust estate.

Argued March 25, 1902. Appeal, No. 395, Feb. T., 1901, by William A. Flanigen and Lucille Flanigen, from decree of O. C. Phila. Co., April T., 1887, No. 431, sustaining exceptions to auditor's report in Estate of Ann Appleton, Deceased. Before McCollum, C. J., Dean, Fell, Brown and Mestrezat, JJ. Affirmed.

Exceptions to report of Arthur Moore, Esq., auditor.

From the record it appeared that in 1870, George W. Appleton and Henry Pomerene, trustees under the will of John Lawrence, executed a mortgage referred to in the case of Estates of John Lawrence and Ann Appleton, 169 Pa. 185. On the death of Ann Appleton the mortgaged property passed from the trustees under the will of John Lawrence to the Union Trust Company, trustee under the will of Ann Appleton, deceased, in which she had exercised a power of appointment under her father's will. George W. Appleton died in 1886, Henry Pomerene, the surviving trustee, subsequently filed his account in the orphans' court. There was nothing to show that either George W. Appleton or Henry Pomerene had ever accounted for the proceeds of the mortgage. The auditor refused to surcharge the surviving trustee.

Exceptions to the auditor's report were sustained by the court.

*Error assigned* was decree of the court.

*Thomas Cahall,* with him *William A. Manderson* and *Charles C. Lister,* for appellant.

*J. Howard Gendell,* with him *E. Spencer Miller,* for appellee.

OPINION BY MR. JUSTICE BROWN, May 19, 1902:

In determining the question raised on this appeal, no useful purpose can be served in reviewing the litigation that followed the execution of the mortgage by George W. Appleton and Henry Pomerene, trustees under the will of John Lawrence, deceased, to Odd Fellows Building and Loan Association, of Camden, New Jersey, on February 24, 1872, until it was finally determined in Estates of John Lawrence and Ann Appleton, Deceased, 169 Pa. 185, that the sum of $2,000, with interest, was due thereon to the Mutual Loan, Savings and Building Association, of Haddonfield, New Jersey, which had become the purchaser of it. With this mortgage on it, the property passed from the trustees under the will of John Lawrence to the appellee, the Union Trust Company, the duly appointed trustee under the will of Ann Appleton, deceased, in which she had exercised the power of appointment given by her father. The present trustee was, therefore, bound to pay the amount due on the mortgage, and, having paid it, now asks that the former trustees, who ought to have paid it, be surcharged with the sum paid for them. Answer is made to this that it had been finally determined, as will appear from an examination of Estates of Lawrence and Appleton, 169 Pa. 185, not only that the sum so paid was due to the holder of the mortgage, but that the trustees had not misappropriated the money borrowed on it. But, even if, in the issue in the common pleas to determine whether George W. Appleton and Henry Pomerene, trustees and obligors in the bond secured by the mortgage, had fraudulently misappropriated the money obtained thereon, and whether the Odd Fellows Building and Loan Association, of Camden, New Jersey, knew, at the time it loaned its money on the said bond and mortgage, that the said money was to be misappropriated, the jury did find that there was no misappropriation of the proceeds by the trustees, there was no finding that they had ever charged themselves, in an account filed by them, with the proceeds of the mortgage, or in any other way accounted for the said proceeds as money in their hands belonging to the trust estate. They are now, however, called upon to account for these proceeds, or, at least, for so much of them as the bal-

ance of the mortgage represented when it was paid by the present trustee; and, even if there has been no actual misappropriation of the money, it can hardly be seriously contended that these trustees should not, therefore, account.

There is nothing in the record before us to show that the money raised on the mortgage has ever been accounted for, and we assume that the learned judge below was fully justified in saying, "What became of that money is left to conjecture. If it was brought into the estate, it ought certainly to appear in the account." The claim of the present trustees is simply that the trustees who first had control of the real estate of John Lawrence shall now account for what was paid to them for the incumbrance they put upon it, and, in surcharging them, the court below, in effect, directs them to account to their successor. If there had been a proper accounting of the moneys received on the mortgage, the protracted and expensive litigation would not have followed, and we cannot interfere with the additional surcharge of costs and expenses for which the surviving trustee asked credit in his two accounts.

The assignments relating to other items do not seem to be pressed. All are overruled, and the decree is affirmed at appellants' costs.